UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES C. BALLARD,

Plaintiff,

v.                 4:10-cv-54

KEEN TRANSPORT, INC., WILLIAM J. BROWN, and ZURICH AMERICAN INSURANCE COMPANY,

Defendants.

## ORDER

### I. INTRODUCTION

Plaintiff James C. Ballard ("Ballard") sued Defendants Keen Transport, Inc. ("Keen"), William J. Brown ("Brown"), and Zurich American Insurance Company ("Zurich") (collectively "Defendants") for personal injuries he suffered when Brown drove his employer's, Keen's, tractor-trailer into the back of Ballard's farm tractor. *See* Doc. 1-1 at 3. Ballard was thrown from the tractor and sustained injuries. *See id.*

Ballard brings a negligence claim against Defendants and a negligent hiring, supervision, and retention claim against Keen. *See* Doc. 1-1. Ballard is seeking compensatory and punitive damages in addition to attorneys' fees and costs. *See id.* at 8.

Brown admits that he took his eyes off of the road just before the collision. *See* Doc. 53 at 188:25-189:5 (Brown Deposition ("Dep.")). Defendants admit that *respondeat superior* applies and that they are "responsible for causing the accident, but . . . reserve the issues of proximate cause and damages." *See* Doc. 15 at 2-3 (Amended Answer). The case is before the Court on Defendants' Motion for Summary Judgment on Plaintiff's Claim for Punitive Damages. *See* Doc. 41. Ballard has filed a parallel Motion to Strike Defendants' Answer as to Punitive Damages or, in the Alternative, Motion for Adverse Inference. *See* Doc. 54.

### II. FACTUAL BACKGROUND

On November 10, 2008, Brown's tractor-trailer struck Ballard's farm tractor from behind. *See* Doc. 1-1 at 3. Brown admitted that he took his eyes off the road just before the collision because he "was having difficulty getting [his] sweet tea back in the holder." *See* Doc. 53 at 188:25-189:5 (Brown Dep.). Keen's policies dictate that drivers be tested for alcohol and drugs following a collision where either vehicle is towed or injuries are treated away from the scene. *See* Doc. 48 at 148:19-149:10 (Trimble Dep.). Brown tested negative for drugs, but there is no evidence that he was tested for alcohol. *See id.* at 149:13-154:19.

Georgia State Patrol Trooper Richard Meeks ("Meeks"), the investigating officer on the scene, testified that Brown was at fault and the collision occurred because Brown was following too closely. *See* Doc. 46 at 19:2-12 (Meeks Dep.). Jeffrey Kidd ("Kidd"), whom Ballard offers as an accident reconstruction expert, estimated that Brown was travelling 66 miles per hour ("mph") in a 55 mph zone when he struck Ballard. *See* Doc. 16 at 6 (Kidd Expert Report).

Keen hired Brown on February 19, 2007. *See* Doc. 53-1 at 2 (Brown Dep., Exh. 1, Driver Qualification File). Federal regulations require trucking companies to run a motor vehicle report for the three years preceding employment. *See* 49 C.F.R. § 391.23(a) (2010). Keen obtained a *five* year motor vehicle report. *See* Doc. 53-1 at 17. This report revealed one ticket for travelling 66 mph in a 55 mph zone in 2002. *See id.* Keen required Brown to complete a road test and a written examination. *See id.* at 28-32. Keen asserts that Brown passed both of these tests, *see* Doc. 41-2 at 2, but Ballard disputes that. *See* Doc. 68-1 at 3.

A July 2008 motor vehicle report shows that, while employed at Keen, Brown was convicted of obstructing or impeding traffic and speeding in California in September 2007. *See* Doc. 53-1 at 45. Brown testified that these citations were actually for parking to sleep in an emergency lane and being off by two hours in his driver's log. *See* Doc. 53 at 126:6-10 (Brown Dep.). Ballard alternates between arguing the citation was for speeding and for violating log book procedures. *See* Doc. 68 at 5, 6. Brown reported these citations to Keen. *See* Doc. 53 at 129:4-6. The report also shows Brown was convicted of disobeying a stop sign in Dearborn, Michigan in July, 2008. *See* Doc. 53-1 at 45. Keen was aware of this violation. *See* Doc. 48 at 68:16-69:2 (Trimble Dep.).

Brown admits to paying a fine on a 2004 Ohio ticket for warning oncoming vehicles that the police were clocking them, but that citation never appeared on his motor vehicle report. *See* Doc. 53 at 92:1-93:9 (Brown Dep.). Brown also admits to paying a fine for travelling 84 mph in a 55 mph zone in Battlecreek, Michigan sometime before April 2001. *See id.* at 33:25-34:16 (Brown Dep.). Brown's 2005 motor vehicle report shows speeding convictions for travelling 60 mph in a 55 mph zone in Corunna, Michigan on August 11, 2000, and 66 mph in a 55 mph zone in Saginaw, Michigan on April 25, 2002. *See* Doc. 68 at 26 (Ballard Response to Defendants' Summary Judgment Motion, Ex. A). Ballard also points to a citation for Brown's failure to wear a seatbelt. *See* Doc. 68-1 at 9 (Ballard's Statement of Facts). Brown also pleaded guilty to running a stop light at a weigh station in 2008, although he now denies guilt. *See* Doc. 53 at 117:24-120:21 (Brown Dep.). Ballard has not shown that Keen was aware of any incidents described in this paragraph.

Ballard asserts that Brown was at fault in a 2005 collision in which he allegedly sideswiped a vehicle on July 7, 2005. *See* Doc. 53 at 96:2-15; Doc. 68-1 at 9. Brown denies any involvement in a 2005 collision. *See* Doc. 53 at 96:2-15 (Brown Dep.). For some reason, Ballard also points to a January 2004 collision in which another driver collided with the rear of Brown's vehicle. *See* Doc. 68-1 at 10 (Ballard Statement of Facts); Doc. 53 at 94:11-96:1 (Brown Dep.).

Keen failed to maintain Brown's driver logs. *See* Doc. 48 at 91:13-93:16 (Trimble Dep.). Ballard argues that Keen's spoliation of the logs justifies a presumption that they show Brown violated driving time limitations and that fatigue contributed to the collision. *See* Doc. 54-1 at 8. Ballard

2

also moves for "meaningful" sanctions. *Id.* at 2.

Pursuant to 49 C.F.R. § 395.8(k) (2010), Keen retains all driver logs for six months and then disposes of them. *See* Doc. 48 at 93:8-16 (Trimble Dep.). Keen used a company called LogScan to store and audit the log books. *See id.* at 91:25-92:11. Brown's November 2008 log books were loaded into LogScan's program. *See id.* at 92:12-14. Sometime thereafter, Keen switched vendors to RapidLog. *See id.* at 92:15-93:4. Keen assumed it would be able to later access the files that it had loaded into LogScan's program, but it has since learned that it cannot. *See id.* at 91:13-24.

## III. SUMMARY JUDGMENT

### A. Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In ruling on summary judgment, the Court views the facts and inferences from the record in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F.2d 1428, 1437 (11th Cir. 1991).

"The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Four Parcels*, 941 F.2d at 1437 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The nonmoving party then "may not rest upon the mere allegations or denials of [his] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Gonzalez v. Lee Cnty. Hous. Auth.*, 161 F.3d 1290, 1294 (11th Cir. 1998). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Four Parcels*, 941 F.2d at 1437 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### B. Punitive Damages

The Court agrees with the parties that Georgia law applies to Ballard's claims for punitive damages. *See* Docs. 41-1 at 3, 68 at 12; *see also Rhone v. State Auto. Mut. Ins. Co.*, 858 F.2d 1507, 1509 (11th Cir. 1988). Punitive damages are permitted in Georgia tort actions when "it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b).

> [M]ore than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage, such as spite or "malice," or fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the

3

interests of others that the conduct may be called willful or wanton.

*Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 121-22 (1988). "Mere negligence, even gross negligence, will not support an award of punitive damages." *Harris v. Leader*, 231 Ga. App. 709, 712 (1998).

"[P]unitive damages are not recoverable where the driver at fault simply violated a rule of the road. On the other hand, punitive damages are recoverable under the statute where the collision resulted from a pattern or policy of dangerous driving." *Carter v. Spells*, 229 Ga. App. 441, 442 (1997) (citations omitted).

### 1. Brown's actions did not evidence an entire want of care.

Ballard has not alleged any facts that show that Brown acted maliciously on November 10, 2008. Ballard has presented evidence that Brown caused the collision because Brown was travelling 11 mph above the speed limit, *see* Doc. 16 at 6 (Kidd Expert Report), following too closely, *see* Doc. 46 at 19:2-12 (Meeks Dep.), and failed to keep a proper lookout, *see* Doc. 53 at 188:25-189:5 (Brown Dep.). These violations of the rules of the road do not justify punitive damages. *See Coker v. Culter*, 208 Ga. App. 651, 651-52 (1993) (punitive damages not warranted where defendant was speeding on wet roads in poor visibility, had consumed some alcohol, possessed drug paraphernalia, and cursed at a pregnant woman after the collision).

### 2. No pattern of dangerous driving caused this collision.

A plaintiff can sustain a punitive damages claim for negligent hiring, supervision, and retention "only by showing that an employer had actual knowledge of numerous and serious violations on its driver's record, or, at the very least, when the employer has flouted a legal duty to check a record showing such violations." *W. Indus., Inc. v. Poole*, 280 Ga. App. 378, 380 (2006).

Only those incidents in Brown's driver's history that relate to a cause of this collision are relevant to the punitive damages issue. *See Carter*, 229 Ga. App. at 442 (punitive damages available "where the collision *resulted from* a pattern or policy of dangerous driving") (emphasis added); *see also Frey v. Gainey Transp. Servs., Inc.*, 2006 WL 3734157, at *3 (N.D. Ga. Dec. 14, 2006) (applying Georgia law). Here, the possible causes include speeding, following too closely, and failure to keep a proper lookout as outlined above.

Relevant to these causes, Ballard has presented evidence that Brown may have had five speeding tickets in the eight years preceding the collision. *See supra* Section II. Ballard has shown that Keen was aware of two of them; one possibly being only a log book violation. *See* Docs. 53-1 at 45 (Brown' Dep., Ex. 1, Driver Qualification File), 53 at 129:4-6 (Brown Dep.). The myriad of other stop sign, stop light, log book, and seatbelt violations that Ballard cites are irrelevant because he has not put forward any evidence showing that similar conduct contributed to this collision. *See*

4

*Carter*, 229 Ga. App. at 442; *see also Frey*, 2006 WL 3734157, at *3.

The court in *Bartja v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.* disallowed punitive damages where the employer followed federal regulations in investigating its driver's background, even though it learned that the driver had two citations for driving into the rear-end of a vehicle parked in an emergency lane and clipping the side mirror of an oncoming van. 218 Ga. App. 815, 818 (1996); *see also Hutcherson v. Progressive Corp.*, 984 F.2d 1152, 1155-56 (11th Cir. 1993) (dismissing punitive damages because employer obeyed regulations, despite evidence that the truck driver was on amphetamines at the time of the collision, received four speeding tickets in the previous three years, had his license suspended for refusing an alcohol test, and had a history of DUI).

Keen exceeded federal regulations, investigating two extra years of Brown's driving history, and knew of only two speeding tickets in eight years. *See* Doc. 53-1 at 45 (Brown Dep., Ex. 1, Driver Qualification File). This history does not justify a punitive damages award.

Even considering Brown's three other alleged speeding tickets over eight years, as the Court must in examining Ballard's claim against Brown, Ballard's proof falls short. Georgia courts have found a driver's history justified punitive damages where there was evidence the collision resulted from driving under the influence ("DUI") and the defendant had a history of DUI. *See, e.g., Cheevers v. Clark*, 214 Ga. App. 866 (1994),; *Holt v. Grinnell*, 212 Ga. App. 520 (1994). Brown's speeding tickets, however, are not such "numerous and serious violations," *Poole*, 280 Ga. App. at 380, as to suggest that this collision "resulted from a pattern or policy of dangerous driving," *Carter*, 229 Ga. App. at 442.

Ballard argues for an adverse inference from Keen's failure to produce Brown's driver's logs that would prevent summary judgment. *See* Doc. 68 at 22. Ballard has not presented any evidence that the collision resulted from fatigue or any other cause possibly related to the logs. Without any evidence of causation, any such inference is inappropriate. *See Frey*, 2006 WL 3734157, at *3. In *Frey*, the plaintiff requested an inference that the defendant driver was fatigued at the time of the collision solely because he allegedly falsified his log. The Court denied the request. *See id.* at *4. The court held that without evidence that fatigue contributed to the collision, the plaintiff was not seeking "an 'inference' but rather an 'assumption.' This is not appropriate on a motion for summary judgment." *Id.*

Ballard's evidence of Brown's involvement in 2004 and 2005 collisions is also insufficient to prevent summary judgment. The only evidence in the record regarding the cause of the 2004 incident tends to prove that Brown was not at fault. *See* Doc. 53 at 94:11-96:1 (Brown' Dep.). As to the 2005 incident, Ballard merely refers to a vague complaint in a lawsuit against Brown and his then employer. *See* Doc. 68 at 30-34. There is no sworn testimony, citation, or judgment to support the general allegations made against Brown.

5

Ballard points to *Harrison v. S & B Trucking*, 179 Ga. App. 291 (1986), *Rutland v. Dean*, 60 Ga. App. 896 (1936), and *Smith v. Tommy Roberts Trucking Co.*, 209 Ga. App. 826 (1993) to show that punitive damages are appropriate. However, *Harrison* and *Rutland* were decided under a more lenient standard for awarding punitive damages before O.C.G.A. § 51-12-5.1 became effective and are not controlling. *See Coker*, 208 Ga. App. at 652.

*Smith* involved a collision in which the truck driver rammed a vehicle multiple times. The employer encouraged speeding and never investigated the driver's background. This case is inapposite. Ballard has not pointed to sufficient evidence to preclude summary judgment on its punitive damages claims against Keen.

Defendants' Motion for Summary Judgment on Plaintiff's Claim for Punitive Damages is *GRANTED* and Ballard's prayer for punitive damages is *DISMISSED* as to all claims against all Defendants.

### C. Negligent Entrustment Claim

Defendants move to dismiss Ballard's negligent entrustment, hiring, and retention claim as moot. *See* Doc. 41-1 at 4. "Generally, when an employer admits the applicability of respondeat superior, it is entitled to summary judgment on claims for negligent entrustment, hiring, and retention." *Durben v. Am. Materials, Inc.*, 232 Ga. App. 750, 751 (1998).

> This rule arises from the countervailing problems inherent in protecting the employee from prejudicial evidence of his prior driving record and general character for recklessness in driving while admitting the proof necessary for the negligent entrustment case to proceed. It applies where, under the case as pleaded, the employer's liability under respondeat superior would be identical to that under the negligent entrustment theory because no punitive damages are sought on the negligent entrustment claim. In contrast, where the employer's liability is not the same on both claims because punitive damages are sought only on the negligent entrustment claim, the appropriate solution for avoiding the prejudice to the driver is a separate trial on the negligent entrustment issue.

*Bartja v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 218 Ga. App. 815, 817 (1995) (citations omitted).

Keen admits *respondeat superior* liability for the actions of its driver, Brown, but disputes causation and damages. *See* Doc. 15 at 3. Because the Court dismisses Ballard's punitive damages claims, Keen's potential liability is the same under Ballard's *respondeat superior* and negligent hiring, supervision, and retention claims. Ballard's negligent hiring claim is *DISMISSED*.

### III. MOTION TO STRIKE

On the same day that Defendants filed their Motion for Summary Judgment, Ballard filed a Motion to Strike Defendants' Answer as to Punitive Damages or, in the Alternative, Motion for Adverse Inference. *See* Docs. 41, 54. Ballard moves to sanction Defendants for "destroying" Brown's drivers logs. *See* Doc. 54-1 at 2, 13, 16.

6

While federal law governs the imposition of spoliation sanctions, Georgia law informs the Court's analysis. *Flury v. Daimler Chrsyler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005).

> In determining whether dismissal is warranted, the court must consider:
>
> (1) whether the defendant was prejudiced as a result of the destruction of evidence;
>
> (2) whether the prejudice could be cured;
>
> (3) the practical importance of the evidence;
>
> (4) whether the [party] acted in good or bad faith; and
>
> (5) the potential for abuse if [the evidence] was not excluded.

*Id.* at 945 (citing *Chapman v. Auto Owners Ins. Co.*, 220 Ga. App. 539, 542 (1996)).

The first two factors cut against Ballard. Ballard was not prejudiced by the unavailability of Brown's drivers logs. As noted above, Ballard has not presented any evidence that the collision resulted from fatigue or any other cause related to the logs. The logs, and any inference from them, are irrelevant without that link. *See Frey v. Gainey Transp. Servs., Inc.*, 2006 WL 3734157, at *3 (N.D. Ga. Dec. 14, 2006). Without prejudice, there is no need to cure.

There is no practical importance to the missing evidence. Ballard's punitive damages claims have been dismissed and Ballard has not indicated any other use for the evidence. *See* Doc. 54-1.

Keen acted in good faith. Contrary to Ballard's representations, *see* Doc. 54-1 at 4, 12, 13, 16, Keen did not destroy Brown's drivers logs, *see* Doc. 48 at 91:13-93:16 (Trimble Dep.). Instead, Keen changed audit and retention companies and lost access to the records in the transition. *See id.* The potential for abuse here is minimal. Keen inadvertently lost irrelevant evidence. No sanctions are appropriate. Ballard's motion is ***DENIED***.

Ballard's attorney, James A. Robson of Law & Moran, represented seven times throughout his pleadings that Keen destroyed Brown's logs. *See* Doc. 54-1 at 4, 12, 13, 16; Doc. 68 at 22; Doc. 74 at 4. But elsewhere, in the same pleadings, he acknowledges that they were inadvertently lost. *See, e.g.*, Doc. 54-1 at 7. Similarly, Robson argued that Brown's 2007 California conviction was for speeding, but also accepted Brown's explanation that he was cited for a log violation and parking in an emergency lane. *See* Doc. 68 at 4, 6; Doc. 54-1 at 14; Doc. 53 at 126:6-10 (Brown Dep.). Robson asserted that Brown received the single citation for both parking and speeding.

Robson is admonished to more truthfully and openly express his arguments in order to effectively communicate his client's position while fulfilling his obligation of candor to the Court. *See* Georgia Rules of Professional Conduct 3.3; FED. R. CIV. P. 11(b)(3). Failure to heed this Court's warning will result in severe sanctions from this Court and referral to the State Bar of Georgia in accordance with Georgia Rule of Professional Conduct 8.3(a). The fine line between truth and falsity is not a tight rope to walk, but instead a 38th parallel to avoid.

7

## IV. CONCLUSION

Defendants' Motion for Summary Judgment on Plaintiff's Claim for Punitive Damages, *see* Doc. 41, is ***GRANTED***. Ballard's negligent hiring, supervision, and retention claim is ***DISMISSED***. Ballard's Motion to Strike Defendants' Answer as to Punitive Damages or, in the Alternative, Motion for Adverse Inference, *see* Doc. 54, is ***DENIED***.

This 19th day of January 2011.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA