UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES C. BALLARD,

**Plaintiff,**

v.  4:10-cv-54

KEEN TRANSPORT, INC., WILLIAM J. BROWN, and ZURICH AMERICAN INSURANCE COMPANY,

**Defendants.**

## ORDER

### I. INTRODUCTION

Plaintiff James Ballard ("Ballard") has filed a motion in limine to exclude certain subjects and witnesses from the trial of this case. *See* Doc. 94.

### II. ANALYSIS

#### A. Past Drug and Alcohol Use

Defendants agree not to introduce any evidence of Ballard's drug or alcohol abuse unless he opens the door. *See* Doc. 95 at 1. Plaintiff's motion in limine, *see* Doc. 94, is *MOOT* on this point.

#### B. Past Mental Health Treatment

Ballard argues that any evidence regarding his past mental health treatment is irrelevant because he is not claiming "the wreck caused a brain injury or severe depression." *See* Doc. 94 at 3. But Ballard is claiming damages for "mental and psychological suffering." *See* Doc. 1-1 at 6. Ballard cites fifteen cases to the Court for the proposition that "[P]laintiffs do not place their mental condition in controversy merely by claiming damages for mental anguish or 'garden variety' emotional distress." *See* Doc. 104 (quoting *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 553 (N.D. Ga. Mar. 21, 2001)).

None of these cases are pertinent. Ballard's fifteen cases discuss: (1) whether a litigant placed his mental condition "in controversy" for purposes of ordering an examination under Federal Rule of Civil Procedure 35(a), *see, e.g., Stevenson*, 201 F.R.D. at 553, or (2) whether a litigant placed his mental condition "'at issue' and has therefore waived the psychotherapist-patient privilege," *see, e.g., Dominguez-Silva v. Harvey*, 2006 WL 826091, at *2 (N.D. Ga. Mar. 23, 2006).

Here, the question is whether Ballard's claim for "mental and psychological suffering," *see* Doc. 1-1 at 6, makes his past mental health treatment relevant. *See* Doc. 94 at 2. That is, whether such evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.

Evidence regarding Ballard's past mental health treatment could make it less likely that his psychological suffering resulted from his collision with Defendants' vehicle. This probative value is not "substantially outweighed by the danger of unfair prejudice." *See* FED. R. EVID. 403.

Plaintiff's motion in limine, *see* Doc. 94, is *DENIED* on this point.

### C. Dr. Michael Hilton

Ballard moves to exclude Dr. Hilton's testimony as irrelevant. *See* Doc. 94 at 3. For the same reasons cited above, Dr. Hilton's is relevant and admissible.

Ballard also objects to Dr. Hilton offering undisclosed opinions and commenting on Ballard's truthfulness. *See id.* Dr. Hilton's testimony regarding Ballard's pre-existing mental and physical injuries were fairly disclosed in his expert report. *See* Doc. 24 at 2-3. Neither Dr. Hilton nor any other witness may comment on the truthfulness of a witness. *See Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998).

Plaintiff's motion in limine, *see* Doc. 94, is ***GRANTED IN PART AND DENIED IN PART*** on this point.

### D. Ballard's Marriages

Ballard objects to the Defendants introducing testimony regarding his eight marriages to seven women as an attempt to malign his character. *See* Doc. 94 at 4. Defendants argue that the testimony is relevant to Ballard's emotional distress, pain and suffering, and loss of enjoyment of life claims. *See* Doc. 95 at 2. Defendants also assert that they need to ask potential jurors whether they know any of Plaintiff's eight wives, *see* Docs. 95 at 2, but then they omit any such questions from their proposed voir dire, *see* Doc. 98.

In *Savarese v. Pearl River Navigation, Inc.*, the court suggested that the plaintiff's divorce and child custody proceedings could be relevant to the plaintiff's loss of enjoyment of life claim, but reserved ruling until the plaintiff presented his damages claims at trial. 2010 WL 3070376, at *4 (E.D. La. Aug. 2, 2010). The Court will take the same position here as to Ballard's seven divorces. The Court reserves ruling until Ballard presents his damages claims at trial.

But even if Defendants find it necessary to qualify the jury as to these women, there is no reason to refer to them as Ballard's ex-wives.

Plaintiff's motion in limine, *see* Doc. 94, is ***GRANTED IN PART AND DENIED IN PART*** on this point.

### E. Tractor's Registration & Comparative Negligence

Defendants intend to introduce evidence that the tractor Ballard was driving was not registered to be on a public road in violation of O.C.G.A. § 40-2-20. *See* Docs. 95 at 2-3; 93 at 5. Defendants assert that this fact is relevant to a comparative negligence *per se* claim. *See id.*

Defendants have yet to present any evidence that would suggest how the registration status of Ballard's vehicle could have caused the collision.

> For a violation of the statute to be negligence per se, the violation 'must be capable of having a causal connection between it and the damage or injury inflicted upon the other person.' This refers not to the proximate cause element of the negligence action, which the Defendants still must prove by a preponderance of the evidence, but rather to the character of the legal duty involved. Is this statutory duty one which,

2

if breached, is capable of producing injury . . .

*Cen. Anesthesia Assocs. P.C. v. Worthy*, 173 Ga. App. 150, 153 (1984) (quoting *Etheridge v. Guest*, 63 Ga. App. 637, 640 (1940)); *see also Xpress Cargo Sys., Inc. v. McMath*, 225 Ga. App. 32, 32 (1997) (evidence that a plaintiff or defendant driver in an automobile personal injury case had no valid license is inadmissible unless a causal connection exists between the accident and the absence of a license).

"It matters not whether the [plaintiff driving his unregistered tractor on a highway] may be considered negligence or negligence per se in violation of the [traffic code]—it cannot, alone, leap the common law's chasm of causation." *Lumpkin v. Mellow Mushroom*, 256 Ga. App. 83, 85 (2002).

Defendants are ***ORDERED TO SHOW CAUSE*** why their comparative negligence *per se* claim should not be dismissed. Defendants must file all their evidence within seven (7) days of the pretrial conference. Ballard has seven (7) days from the Defendants' filing to enter a response. Replies shall only be allowed with leave of Court.

### F. 2006 Porch Attack

Ballard moves to exclude testimony regarding a 2006 assault that occurred on his porch. *See* Doc. 94 at 5. But he sustained an injury to his right shoulder in that attack—the same shoulder Ballard claims required surgery because of the collision in this case. *See* Doc. 95 at 3-4. Defendants have the right to offer evidence that makes it less likely the collision caused Ballard's shoulder injuries.

Plaintiff's motion in limine, *see* Doc. 94, is ***DENIED*** on this point.

### G. Benefits from Collateral Sources

Defendants agree not to introduce any evidence of collateral sources unless he opens the door. *See* Doc. 95 at 1. Plaintiff's motion in limine, *see* Doc. 94, is ***MOOT*** on this point.

## III. CONCLUSION

Plaintiff's motion in limine, *see* Doc. 94, is ***GRANTED IN PART AND DENIED IN PART***.

This 24th day of May 2011.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA